UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHASE KEATON, ) | CASE NO. 1:09 CV 693 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| OHIO ADULT PAROLE ) | AND ORDER |
| AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

Pro se plaintiff Chase Keaton filed the above-captioned action under 42 U.S.C. § 1983 against the Ohio Adult Parole Authority ("OAPA"), the Chairperson of the OAPA, the Current Director the OAPA, Supervising Parole Officer Catherine Morrison, Parole Officer Steve Vukmer, Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, and OAPA Hearing Officer Colan.  In the complaint, plaintiff alleges the defendants imposed a term of supervised release which was not ordered by the court at his sentencing.  He seeks unspecified damages.

**Background**

In 2003, Mr. Keaton was arrested and charged in the Lorain County Court of Common Pleas with aggravated robbery and receiving stolen property.  He pled guilty to both of the charges on April 16, 2003 and was sentenced to three years incarceration.  He contends that his sentence did not include a term of supervised release.  Mr. Keaton was released from prison on January 11, 2006.  At that time, he was informed that he would be subject to five years of supervised release.  He acknowledged the terms and conditions of his release on January 12, 2006.

He was also told he would be assessed a regular supervision fee.

Mr. Keaton was arrested on June 5, 2007 on charges of attempted rape and felonious assault. He pled guilty to those charges in the Lorain County Common Pleas Court and was sentenced to four years incarceration. He is currently serving that sentence. The new conviction was also deemed to be a violation of the terms and conditions of his supervised release. He was sanctioned to 180 days incarceration for the violation on June 26, 2007.

Mr. Keaton has now filed the within action challenging the imposition of supervised release at the time of his release in 2006. He claims the OAPA had no authority to impose supervised release because his sentence did not contain a provision for post release control upon his release. See Hernandez v. Kelly, 108 Ohio St. 3d 395, 396-98 (2006). He contends he "suffered a deprivation of his civil rights, including such basic rights as freedom of speech, as he was unable to speak to certain people, freedom of association, as he was unable to have associations with individuals, and the freedom to travel, as he was limited...from traveling outside the state of Ohio without the approval of the APA." (Compl. at 7.) He further claims the post release control violation prevented him from being released on bond during the prosecution phase of his the felonious assault and rape case. Finally, Mr. Keaton claims the OAPA was unjustly enriched by the supervision fees it collected while he was on post release control supervision.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Keaton claims that the OAPA lacked the authority to impose supervised release controls in 2006. If that supervision is deemed by this court to be invalid, then the 6 month sentence for violating the terms of that supervision is also invalid. To state a claim under 42 U.S.C. § 1983, Mr. Keaton would be required to demonstrate that his continued confinement was declared invalid by either an Ohio state court or a federal habeas corpus decision. To the contrary, he is currently incarcerated on that sentence. This action must therefore be dismissed.

Moreover, even if Mr. Keaton's claims did not challenge his conviction and sentence, he could not assert them in a 42 U.S.C. § 1983 action. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The Hernandez case was decided on January 12, 2006. Mr. Keaton was placed on supervised release on the same day, January 12, 2006. He filed this action in March 2009, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of

---

(...continued)
reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

          */s/Dan Aaron Polster 7/22/09*
          DAN AARON POLSTER
          UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.